

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### AP-76,182

### IN RE FRANCISCO IBARRA, Relator

### v.

### WILLIAM R. HENRY, 428TH JUDICIAL DISTRICT COURT OF HAYS COUNTY, Respondent

### On Petition for a Writ of Prohibition to the 428th Judicial District Court of Hays County

*Per Curiam.*

Relator was charged with multiple counts of Aggravated Sexual Assault of a Child and Indecency with a Child by Sexual Contact. Prior to trial, Relator filed a Designation of Expert with the court, presenting Scott A. Siegel and Diana Garza Louis as his mental health experts. The State subsequently filed a Motion to Order Defendant to Submit to Court Ordered Psychological Examination or In the Alternative Motion in Limine to Exclude Results of Defendant's Psychological Examination. On April 28, 2008 and on November 6, 2008, the trial court entered orders requiring Relator to submit to a state sponsored psychological examination.

Relator sought leave of this Court to file a writ of prohibition to prevent the trial court

from enforcing this order. Relator contended that his experts were submitted–not regarding sanity or competency to stand trial–but rather for the purposes of general mitigation, punishment, or other psychological testimony. On July 1, 2009, this Court ordered the parties to submit briefs addressing whether *Lagrone v. State*[1] applies to non-death penalty cases, and if so, whether the pre-trial order at issue is authorized by *Lagrone*.

Relator argues to this Court that the principles set forth in *Lagrone* do not extend to non-death penalty cases, and requests that this Court prohibit the trial court from enforcing its order. The State contends that the substantive issue of whether *Lagrone* applies to non-death penalty cases is irrelevant, since a writ of prohibition is not the appropriate avenue for this matter, and thus Relator is procedurally barred from relief.

Recently, in *In re Simon*,[2] this Court addressed the same issue.[3] We concluded that "the issue [of whether *Lagrone* applies to non-death penalty cases] is–at best–an "unsettled" legal question."[4] We further stated that "[i]n granting the State's motion in this case, the trial court exercised a manifestly judicial (and not a ministerial) function. Such an 'accomplished *judicial*

---

[1] 942 S.W.2d 602, 611-12 (Tex. Cr. App. 1997) (*Lagrone* expanded the proposition established in *Soria v. State*, 933 S.W.2d, 46 (Tex. Cr. App. 1996), that "once a defendant has executed a limited waiver of the Fifth Amendment's protection by constructively testifying through an expert on the issue of future dangerousness, the trial court may order that defendant to submit to a state-sponsored future dangerousness examination" to "order criminal defendants to submit to a state-sponsored psychiatric exam on future dangerousness when the defense introduces, *or plans to introduce*, its own future dangerousness expert testimony") (emphasis in original).

[2] 2009 Tex. Cr. App. LEXIS 1609 (Tex. Cr. App. 2009, delivered November 18, 2009).

[3] Relator in *Simon* argued that "the trial court's order impinges upon his Fifth and Fourteenth Amendment right to be free from compelled self-incrimination." *Simon*, 2009 Tex. Cr. App. LEXIS 1609, at *2. While the issue is the same as the case at bar, we wish to note that Relator in *Simon* was on trial for the offense of capital murder, and the mental health expert's purpose in examining Relator was "in regards to [his] mental state and the voluntariness of his confession." *Simon*, 2009 Tex. Cr. App. LEXIS 1609, at *1. In this case, while the precise reasons for Relator's Designation of Expert remain unclear, the factual distinctions between the two are irrelevant, since both are properly resolved on procedural grounds.

[4] *Simon*, 2009 Tex. Cr. App. LEXIS 1609, at *7.

act' is not subject to the extraordinary remedy of prohibition."[5] Accordingly, we hold that the order compelling Relator to submit to a State-sponsored psychiatric examination, is a "manifestly judicial" act, and that a writ of prohibition is the improper procedural channel for prohibiting the trial court's actions.

For the reasons provided in *Simon*, we deny the relief that Relator seeks.

January 27, 2010.
Do Not Publish.

---

[5] *Simon*, 2009 Tex. Cr. App. LEXIS 1609, at *8 (emphasis in original).